UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RYAN TERRELL PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-01683 PLC |
| ) | |
| DAVID VANDERGRIFF, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented plaintiff Ryan Patterson, an inmate currently incarcerated at Eastern Reception Diagnostic Center (ERDCC) in Bonne Terre, Missouri, filed this civil rights action on December 11, 2024; however, plaintiff neither paid the Court filing fee nor filed a proper motion to proceed without prepayment of fees or costs.[1] Plaintiff must do one or the other for this case to proceed. *See* E.D. Mo. L.R. 2.01(B)(1). If plaintiff files a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff's failure to timely pay the filing fee or file a motion seeking leave to commence this action without payment of fees or costs may result in the dismissal of this case, without prejudice and without further notice.

Additionally, the allegations of the complaint appear to be duplicative of a case previously brought by plaintiff in this Court that was dismissed pursuant to 28 U.S.C. § 1915(e). *See Patterson v. Potosi Correctional Center, et al.,* No. 4:24-CV-00858 AGF (E.D.Mo.). In that case, plaintiff

---

[1] Plaintiff's motion to proceed in forma pauperis is handwritten and does not contain all information the Court needs to properly assess his request. Plaintiff will be provided with a Court-form for filing a motion to proceed in forma pauperis, which he will need to return to the Court within twenty-one (21) days of this Court's Order.

asserted that he was treated in an unconstitutional manner at Potosi Correctional Center (PCC) during his incarceration in 2023. He sued several of the defendants named in the instant lawsuit, alleging a myriad of claims, including: (1) "physical and mental torture;" (2) that the food at PCC was inedible; (3) that he had been assaulted at PCC; (4) that his mental condition had not been properly treated; (5) that he did not receive proper medical care; (6) that he lived "in fear" while incarcerated at PCC; (7) that his religious beliefs were persecuted; (8) that he was chained to a bench for an undisclosed period of time; (9) that he was placed in a cell that had not been properly cleaned by hazmat; (10) that he had been placed in a cell that was too cold; (11) that an officer stood and watched while he attempted to hurt himself by banging his head against a cell door; (11) that some of his possessions at PCC were taken "unlawfully; (12) that he was placed in disciplinary segregation for several months; (13) that he suffered from medical conditions that were not properly treated; (14) that the air quality at PCC was poor; and (15) that the kitchen at PCC had rats.[2]

While the dismissal of the prior case "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915( e )(2)(B) dismissal "has res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'" *Waller v.Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions) (emphasis added). As such, to the extent plaintiff is attempting to proceed in forma pauperis in this lawsuit and bring the same allegations

---

[2]Although plaintiff's amended complaint and supplemental documents contained a multitude of claims, he dropped the individual defendants in his amended pleading and pled only against PCC in the amended complaint. Therefore, the Court dismissed the action against PCC on November 18, 2024, for two reasons; section 1983 can only be brought against a "person," and the Eleventh Amendment bars suits against a State and its agencies. Accordingly, plaintiff's action was dismissed pursuant to 28 U.S.C. § 1915(e).

as he did in his prior suit in *Patterson v. Potosi Correctional Center, et al.,* No. 4:24-CV-00858 AGF (E.D.Mo.), the Court would have to dismiss the present lawsuit.

Before making that determination, the Court will allow plaintiff to file a new motion to proceed in forma pauperis and provide the Court with a copy of his prison account statement. Plaintiff will also be required to amend his complaint on a Court-provided form. *See* E.D. Mo. Local Rule 2.06(A). As written, plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating his rights. Moreover, as set forth above, plaintiff has attempted to join too many unrelated claims in his lawsuit which is impermissible.

Although plaintiff may join in one action as many claims as he has against a *single* defendant, *see* Fed. R. Civ. P. 18(a) (emphasis added), when multiple defendants are named, the Court must consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure*. See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.,* 696 F.2d 53, 57 (7th Cir. 1982). Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if his claims against them arise out of the same transaction or occurrence or if a series of transactions or occurrences present common questions of law or fact. Unrelated claims against different defendants must be brought in different suits. Plaintiff should therefore decide what claims to pursue in this lawsuit and what claims he wishes to pursue in any separate lawsuit(s) in the future. He may seek additional complaint forms from this Court by contacting the Court Clerk.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original

complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff copies of the Court's Prisoner Civil Rights Complaint form and the Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. If plaintiff files a motion to proceed in forma pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

4

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this _20th__ day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE