UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN TERRELL PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-01683 PLC |
| | ) | |
| DAVID VANDERGRIFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for extension of time to file his amended complaint, motion to proceed in forma pauperis on a Court-provided form, a copy of his certified prison account statement and his request for status report in this matter. [ECF No. 5].

Because it appears plaintiff was moved from Eastern Reception Diagnostic Correctional Center (ERDCC) to South Central Correctional Center (SCCC), the Court will extend plaintiff's time to file his amended complaint in this matter, as well as provide him additional time to file a new motion to proceed in forma pauperis on the Court-provided form and file a prison account statement. The Court will provide plaintiff a copy of the Court's Opinion, Memorandum and Order issued on December 20, 2024, ECF No. 4, which sets out the parameters for doing so. He must follow the Court's directions in the Order or risk dismissal of this action, without prejudice.

Furthermore, the Court will deny plaintiff's current pending motion seeking leave to proceed in forma pauperis as moot. [ECF No. 2]. As set forth in the December 20, 2024 Opinion, Memorandum and Order, plaintiff's submitted motion to proceed in forma pauperis is handwritten and does not contain all the information the Court needs to properly assess his request to proceed as a pauper. As indicated in the prior Order, plaintiff must fill out the entirety of the Court-provided

form to seek leave to proceed in forma pauperis before this Court, and he must provide the Court with a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2).

Last, the Court will deny plaintiff's pending motion for appointment of counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time to file his amended complaint, motion to proceed in forma pauperis on a court form, a copy of his prison account statement [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of this Court's Opinion, Memorandum and Order issued on December 20, 2024, [ECF No. 4], as well as a current docket sheet in this matter. The Clerk shall also provide plaintiff with copies of the Court's Prisoner Civil Rights Complaint form and the Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, plaintiff shall file an amended complaint on a Court-provided form and in compliance with this Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the $405 filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. If plaintiff files a motion to proceed in forma pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time.**

**IT IS FINALLY ORDERED** that **p**laintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 7th day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE